**BRIAN C. LOWNEY**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 E. Front St., Suite 401**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: brian.lowney@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**BRANDON COLE STOLIBY,**<br><br>**Defendant.** | **CR 26-7-M-DWM**<br><br>**SENTENCING MEMORANDUM** |

The United States, represented by Assistant U.S. Attorney Brian C. Lowney, files the following in anticipation of the sentencing hearing set in this case on November 3, 2026.

## INTRODUCTION

On July 7, 2026, defendant Brandon Cole Stoliby pled guilty to count 1 of the superseding information, which charged travel with intent to engage in illicit

sexual contact, in violation of 18 U.S.C. §§ 2423(b) & (f), and count 2 of the superseding information, which charged transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), pursuant to a plea agreement. PSR ¶¶ 7-8. Thereafter, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Stoliby's advisory guidelines range at 210 to 262 months based on a total offense level (TOL) of 37 and a criminal history category (CHC) of I. PSR ¶ 94. Per statute, the maximum term of imprisonment on count 1 is 30 years. PSR ¶ 93. Per statute, the minimum term of imprisonment on count 2 is five years, and the maximum term of imprisonment is 20 years. *Id.*

Stoliby objects to the PSR's application of USSG §2G1.3(c)(1) to his guidelines calculations. The government submits the PSR correctly calculates Stoliby's guidelines. The government may call Homeland Security Investigations Task Force Officer Sean Evans at sentencing. The government will file a separate notice if it intends to do so.

## ARGUMENT

### I. Burden of proof

When applying the guidelines provisions at issue, the burden of proof is a preponderance of the evidence. *United States v. Lyons*, 453 F.3d 1222, 1236 (9th Cir. 2006). Which party bears the burden depends on the adjustment sought. *See United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir. 1990) (holding "[t]he government

should bear the burden of proof when it seeks to raise the offense level [and] the defendant should bear the burden of proof when the defendant seeks to lower the offense level.")

Therefore, because application of §2G1.3(c)(1) would raise Stoliby's TOL, the government bears the burden of proof as to that guideline. PSR ¶ 33.

## II. USSG §2G1.3(c)(1) is applicable to Stoliby.

Stoliby does not object to the application of §2G1.3 as the appropriate base offense level (BOL) guideline. However, Stoliby submits that the cross-reference to §2G2.1 (as set forth in §2G1.3(c)(1)) is inapplicable, because though he acknowledges Jane Doe produced child pornography, Stoliby argues such production was not at his behest. *Addendum to PSR* at 1. *Arguendo*, even accepting Stoliby's distinction, his actions nonetheless fall under the purview of §2G1.3(c)(1).

§2G1.3(c)(1) applies "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct…". This guideline "is to be construed broadly and includes all instances in which the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice, advertisement or other method, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." Application Note 5(A) to §2G1.3.

In interpreting substantially similar language, the Ninth Circuit echoed the directive to construe the cross-refence "broadly" and to apply it when at least one of the defendant's purposes in engaging with the minor was to produce a visual depiction of sexually explicit conduct. *United States v. Hughes*, 282 F.3d 1228, 1231-32 (9th Cir. 2002).

Here, Stoliby immediately and continually engaged Doe in sexual conversation via social media. PSR ¶ 11. Stoliby further admitted he received and saved images of Doe engaged in sexually explicit conduct that she created and sent to Stoliby during these social media conversations. PSR ¶ 21. Moreover, forensic analysis of Stoliby's phone revealed several sexually explicit images of Doe on Stoliby's phone. PSR ¶ 26. Lastly, Stoliby's phone records show his encouragement to Doe to "sell [] nudes" to fund Stoliby's travel from Indiana to retrieve Doe from Montana. PSR ¶ 25.

Stoliby protests that he "is not shown to have asked for" sexually explicit images of Doe, and that any sexually explicit images of Doe that were discovered on his phone were "already created and sent" prior to his conversation with Doe about the sale of her images. *Addendum to PSR* at 1. But Stoliby misapprehends the reach of §2G1.3(c)(1). By the plain terms of guidelines, Stoliby's encouragement to Doe to sell sexually explicit images of herself, whether or not he originated the idea, and whether or not such images were actually produced, falls within the conduct prohibited by §2G1.3(c)(1). Stoliby induced, persuaded, enticed and permitted Doe to

engage in such behavior when he responded to Doe's offer to sell these images by saying "[b]et you would make bank doing that… You're sexy asf Babygirl you would have lots of them dying to get to pay to look at that gorgeous well curved body." PSR ¶ 25. Stoliby then provided Doe with his mobile payment information so that purchasers of these images could pay him directly upon a sale. *Id.* After Doe indicated she'd sent a text to her contacts advertising these images with Stoliby's payment information attached, Stoliby responded by saying "hell yeah", further suggesting "[t]hen maybe me and you can make more content to sell later on so you can be making some money." *Id.*

Whether the images of Doe found on Stoliby's phone were produced before or after this conversation is immaterial. Even if no images were found on Stoliby's phone, the guideline is nonetheless applicable based on Stoliby's objective in inducing Doe to engage in sexually explicit conduct for the purpose of creating some images. Nothing in the guidelines requires that the government demonstrate a qualifying image was produced.

The guideline requires only that Stoliby persuaded, induced, enticed, or permitted a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Stoliby's statements to Doe clearly demonstrate his encouragement of her production of such visual depiction. Therefore, §2G1.3(c)(1) is properly applied here.

## RECOMMENDATION

Section 3553(a) of Title 18 of the United States Code contains prefatory language: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

Stoliby is 33 years old and has no other criminal history. However, Stoliby's conduct in this case demonstrates he is a danger to children. Here, Stoliby traveled

across the county to remove a vulnerable juvenile with whom he had never previously physically interacted from her residence, with the primary purpose of engaging her in illicit sexual conduct. PSR ¶¶ 12-13; 20. Along the way, Stoliby encouraged Doe to create child pornography of herself to sell on his behalf and solicited Doe to send him further explicit images. PSR ¶ 21; 25. Even when Doe was removed from Stoliby's custody by law enforcement and returned to her guardians, Stoliby again returned to remove her a second time, this time in the dark of night. PSR ¶ 15. Stoliby's communications indicate that his second abduction of Doe likely would've led to Doe's disappearance entirely, but for the efforts of law enforcement. PSR ¶ 21.

Whatever his protestations now about his knowledge of Doe's age, Stoliby's behavior exhibited his awareness that his interactions with Doe were criminal. Stoliby has a demonstrated sexual interest in children, evidenced in the images discovered on his phone and his admissions to law enforcement about seeking out child pornography. PSR ¶ 22. Further, Stoliby attempted to obfuscate his purpose in taking Doe from her home, revealing his guilty conscience. Stoliby initially denied to investigators that he had a sexual interest in Doe, that he had engaged in sexual conversations with Doe over social media, or that he had sexual intercourse with Doe. PSR ¶ 20. Stoliby only admitted these denials were lies when confronted with incontrovertible evidence to the contrary. *Id.*

Stoliby's messages to Doe further highlight his awareness of the nature of his behavior. After Doe was returned to her guardians through the intervention of law enforcement, Stoliby messaged her "Part of me wishes after getting you out of the juvi place after figuring out how they tracked you we should have just took off without asking them anything, Because then we'd be already at home in Indiana and would have removed by Fb account… So that way they couldn't possibly know anything." PSR ¶ 21. When Doe expressed concern about Stoliby being detected in his clandestine efforts to retrieve Doe a second time, Stoliby messaged her "Oh don't worry I think we all watched plenty of crime shows and stuff to be the perfect criminals now lol." PSR ¶ 15.

Stoliby's repeated endeavors to take Doe from her home and secret her from the world are highly concerning. Stoliby traveled over 1,800 miles by car to remove a minor from her residence, even though his only interaction with her to that point had been online several days prior. Stoliby did so not once, but twice. Even in the light most favorable to Stoliby, the facts demonstrate Stoliby was informed by both law enforcement and Doe's mother that she was a minor, but nonetheless returned thereafter to surreptitiously abscond with Doe. The lengths to which Stoliby went to procure Doe establishes the grave danger he presents to children.

Stoliby's evaluations also reveal a limited likelihood he can adjust his behavior. Stoliby's amenability to treatment is low (PSE at 13-14), in large part because he

"displayed significant minimization" in discussing his offense against Doe, and because he "evidences minimal empathy" for Doe and "project[s] blame for the offense on to [Doe]." PSE at 20; 24. In sum, the assessment evinces Stobily's belief that he is not at fault for his actions, undercutting any inference that his behavior could be successfully modified by treatment.

Based on Stoliby's conduct, history and characteristics, a mid-guidelines sentence is necessary to provide him just punishment, to reflect the seriousness of his offense, and to protect the public from his future crimes.

**CONCLUSION**

As such, the United States recommends the Court impose a guidelines sentence of 236 months in this case, followed by a term of supervised release, which is warranted by the above factors.

Respectfully submitted this 20th day of October 2026.

U.S. ATTORNEY'S OFFICE
District of Montana

*/s/ Brian C. Lowney*
BRIAN C. LOWNEY
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, a copy of the foregoing document was served on the following persons by the following means:

(1,2) CM/ECF
( ) Hand Delivery
( ) U.S. Mail
( ) Overnight Delivery Service
( ) Fax
( ) E-Mail

1. Clerk, U.S. District Court

2. Nicholas K. Brooke
Attorney for the Defendant

*/s/ Brian C. Lowney*
Assistant U.S. Attorney
Attorney for Plaintiff